UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JEFFREY D. JORLING, on behalf of himself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | 1:09-cv-0798-TWP-TAB |
| vs. | ) ) ) | |
| ANTHEM, INC., *et al.*, | ) ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANTS' MOTION FOR RECONSIDERATION**

**I.   Introduction**

Motions for reconsideration were not "designed to give a losing party a belated second bite at the apple." *Fleming Co. v. Krist Oil Co.*, 324 F. Supp. 2d 933, 949 (W.D. Wis. 2004). Defendants' motion provides an example of such a belated bite. On April 8, 2011, Plaintiff Jeffrey Jorling moved to compel Defendants to produce documents that he contended were not subject to attorney-client privilege. [Docket No. 116.] Plaintiff argued that the privilege log was inadequate, and after Defendants neglected Plaintiff's argument by only responding with a one sentence conclusory assertion in a footnote, this Court granted in part Plaintiff's motion based on the inadequacies in the privilege log. [Docket No. 154.] Defendants now request [Docket No. 168] that this Court reconsider in part its May 24, 2011, order finding waiver "for the entry numbers listed on pages 3 and 4 of Plaintiff's opening brief . . . ." [Docket No. 154.] For the reasons below, Defendants' motion for reconsideration [Docket No. 168] is denied.

## II.     Discussion

   *A.     Reconsideration*

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id.* For that reason, "belated factual or legal attacks are viewed with great suspicion." *Id.* Defendants' motion for reconsideration is an example of such a belated attack.

Plaintiff's motion to compel argued that Defendants' privilege log did not properly assert attorney-client privilege. [Docket No. 117 at 3–4.] Defendants' only response to this argument was a single sentence in a footnote stating that "the log entry demonstrates that inside counsel, outside counsel, or both participated in the communication and identifies what the communications involved." [Docket No. 131 at 12 n.3.] After this Court found certain documents waived because of deficiencies in the privilege log [Docket No. 154], Defendants filed this motion for reconsideration, arguing for the first time that waiver is only appropriate when there is bad faith and a party fails to revise and supplement the deficient privilege log. [Docket No. 168.] However, Defendants could have raised these arguments during the pendency of the previous motion, but they neglected to do so.[1] Because motions for reconsideration are inappropriate vehicles for raising new legal theories, Defendants' motion for reconsideration

---

[1] Defendants also could have offered a revised and supplemented privilege log in response to Plaintiff's motion to compel, but they also neglected to do so.

[Docket No. 168] is denied. Nonetheless, Defendants' newly asserted arguments do not require a different result.

    *B.    Waiver*

Federal Rule of Civil Procedure 26(b)(5) requires that a privilege log "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privilege or protected, will enable other parties to assess the claim." "The mere assertion of a privilege is not enough; instead, a party that seeks to invoke the attorney-client privilege has the burden of establishing all of its essential elements." *United States v. BDO Seidman*, 337 F.3d 802, 811 (7th Cir. 2003).

Among the essential elements of attorney-client privilege is the requirement that the communications between parties be related to legal advice. *United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997). Plaintiff's motion to compel [Docket No. 117 at 3–4] argued that Defendants' privilege log did not properly assert attorney-client privilege, and Defendants' only response was that "the log entry demonstrates that inside counsel, outside counsel, or both participated in the communication and identifies what the communications involved." [Docket No. 131 at 12 n.3.] After reviewing Defendants' privilege log, this Court determined that Defendants failed to establish that certain documents were related to legal advice. [Docket No. 154 at 3.] As this court explained, "[a]lthough the entries [in Defendants' privilege log] show communications involving attorneys, they do not show that the communications were related to legal advice." [*Id.*] *See Evans*, 113 F.3d at 1461 (stating that communication with an attorney and legal advice are two separate elements). Even though Defendants provided declarations stating that Anthem's counsel provided legal advice to Milliman [Docket No. 131, Ex. 1–2], this

is nothing more than a blanket assertion of privilege.[2]  Merely asserting privilege is not enough; "privilege must be made on a document-by-document basis."  *Miller v. City of Plymouth*, No. 2:09-cv-205-JVB-PRC, 2011 WL 1740154, at *4 (N.D. Ind. May 5, 2011).

Because legal advice is an essential element and Defendants failed to establish this element for the documents listed on pages three and four of Plaintiff's opening brief, this Court was permitted to impose waiver for those documents.  *Id.* ("[F]ailure to serve an adequate and timely privilege log may result in a waiver of protection from discovery."); *Flood v. Dominguez*, No. 2:08-cv-153-PPS-PRC, 2011 WL 578656, at *2 (N.D. Ind. Feb. 9, 2011) ("A party's failure to produce a requisite privilege log may result in the waiver of any privilege."); *Petrovic v. City of Chi.*, No. 06-c-611, 2007 WL 2410336, *2 (N.D. Ill. Aug. 21, 2007) ("Generally, the result of an inadequate privilege log is disclosure."); *Mold-Masters Ltd. v. Husky Injection Molding Sys., Ltd.*, No. 01-C-1576, 2001 WL 1558303, at *2 (N.D. Ill. Dec. 6, 2001) ("If the description falls below this standard and fails to provide sufficient information for the court and the party seeking disclosure to assess the applicability of the attorney-client privilege . . . , then disclosure of the document is an appropriate sanction.").

C.    *The bad faith standard*

Defendants argue for the first time that this Court should not have imposed waiver since there was no showing of bad faith, willfulness, or fault.  [Docket No. 168 at 11.]  While Defendants accurately state a rule of law, the context is inopposite.  *See Am. Nat'l Bank & Trust*

---

[2]The Court also notes that although Defendants attached declarations to their brief in opposition to Plaintiff's motion to compel [Docket No. 131, Ex. 1–2], they did not direct the Court to those declarations for the purpose of this issue until they filed a motion for reconsideration.  [*Compare* Docket No. 131 at 12 n.3, *with* Docket No. 168 at 10.]

4

*Co. of Chi. v. Equitable Life Assurance Soc'y of the U.S.*, 406 F.3d 867, 878 (7th Cir. 2005). In *American National*, because hundreds of documents were at issue, the Magistrate Judge adopted a procedure where the party challenging a claim of attorney-client privilege would select twenty documents from the privilege log for *in camera* review. *Id.* at 878–80. The Magistrate Judge stated that if privilege was incorrectly asserted for more than twenty percent of the twenty documents chosen, the Magistrate Judge would impose waiver for the remaining documents in the privilege log. *Id.* After completing *in camera* review and determining that privilege was improperly asserted for more than twenty percent of the documents examined, waiver was imposed for the remaining documents in the privilege log. *Id.* The Seventh Circuit held that while attorney-client privilege may not have been properly asserted for the arbitrary sample of documents examined, absent a finding of bad faith, willfulness, or fault, the Magistrate Judge was not entitled to impose blanket waiver for the remaining unexamined documents in the privilege log. *Id.*; *see also Muro*, 250 F.R.D. at 360 (explaining that the Magistrate Judge in *American National* "abused his discretion by finding that defects in a privilege log merited a sanction of blanket waiver, absent a finding of bad faith.").

Since *American National*, virtually every case in this circuit that has discussed or applied the bad faith standard has done so only in conjunction with blanket waiver. *See, e.g., Schleicher v. Wendt*, No. 1:02-cv-1332-WTL-TAB, 2010 WL 1948218, at *2 (S.D. Ind. May 14, 2010) ("Although the Court may order disclosure of privileged documents as a sanction for failing to provide a proper privilege log, courts are reluctant to find a blanket waiver of privilege because of mere technical inadequacies."); *Muro*, 250 F.R.D. at 360 ("[B]lanket waiver is not a favored remedy for technical inadequacies in a privilege log."); *see also Welch v. Eli Lilly & Co.*, No.

5

1:06-cv-0641-RLY-JMS, 2009 WL 700199, at *14 (S.D. Ind. Mar. 16, 2009); *Naik v. Boehringer-Ingelheim Pharm., Inc.*, No. 07-C-3500, 2008 WL 4866015, at *3 (N.D. Ill. June 19, 2008). Defendants do not cite any cases in which a court has extended *American National* to a limited finding of waiver.

Accordingly, *American National*'s bad faith requirement for blanket waiver does not apply to this Court's limited finding of waiver. Unlike *American National*, this Court's May 24, 2011, order did not involve *in camera* review, an arbitrary sample of documents, or blanket waiver. Instead, waiver was based on the inadequate descriptions in Defendants' privilege log and was limited to the sections of the privilege log that the Court actually examined and found inadequate. Hence, the Court only found waiver "for the entry numbers listed on pages 3 and 4 of Plaintiff's opening brief . . . ." [Docket No. 154 at 4.] For these reasons, this Court declines to extend *American National* to the limited finding of waiver in this case.

### D.    *Revising the privilege log*

Defendants also argue for the first time that they should have been given the opportunity to revise and supplement their privilege log before the Court imposed limited waiver. [Docket No. 168 at 13.] Defendants cite several cases in support of this proposition [*id.* at 12] in which the Court exercised its discretion to allow a party asserting privilege to revise and supplement a deficient privilege log. *See, e.g., Schleicher v. Wendt*, No. 1:02-cv-1332-WTL-TAB, 2010 WL 1948218, at *2 (S.D. Ind. May 14, 2010).

However, courts typically permit a party to revise their privilege log because blanket waiver is disfavored as a remedy for technical inadequacies. *See Muro*, 250 F.R.D. at 360. As explained above, this Court did not impose blanket waiver. Instead, the Court's May 24, 2011,

6

order limited waiver to "the entry numbers listed on pages 3 and 4 of Plaintiff's opening brief . . . ." [Docket No. 154 at 4.] Additionally, when a party claims that some documents are related to legal advice and does not make that claim for other documents in the same privilege log, as Defendants did here, this is not a mere technical inadequacy, but a conscious decision to only designate certain documents as pertaining to legal advice. As this Court noted in its May 24, 2011, order, "Defendants' other entries show that they were capable of including such a description." [*Id.*]

Defendants' belated attempt to explain this inconsistency is inadequate. Defendants claim that they would only assert that a document was for the purpose of legal advice when an attorney did not send or receive the document, and the documents found to be waived were ones where an attorney sent or received the document. [Docket No. 168 at 2.] As explained above, a communication with an attorney does not automatically mean that legal advice is implicated. *See, e.g., Wychocki v. Franciscan Sisters of Chi.*, No. 10-C-2954, 2011 WL 2446426, at *5 (N.D. Ill. June 15, 2011) (explaining that financial or business advice from an attorney is not protected). Communication with an attorney and legal advice are two separate elements, *Evans*, 113 F.3d at 1461, and it is the Defendants' burden to establish all of the essential elements of attorney-client privilege. *Seidman*, 337 F.3d at 811.

Defendants privilege log shows that they were capable of properly asserting privilege, they chose not to do so for certain documents, and they also neglected the issue during the pendency of Plaintiff's motion to compel. A belated second bite at the apple is not appropriate.

**III. Conclusion**

For these reasons, Defendants' motion for reconsideration [Docket No. 168] is denied. Defendants shall produce the documents on pages three and four of Plaintiff's opening brief [Docket No. 117] within fourteen days.

Dated:   08/25/2011

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Matthew Thomas Albaugh
BAKER & DANIELS - Indianapolis
matthew.albaugh@bakerd.com

Dennis Paul Barron
dennispbarron@aol.com

Michael F. Becker
THE BECKER LAW FIRM CO., L.P.A.
mbecker@beckerlawlpa.com

Peter R. Bisio
HOGAN LOVELLS US LLP
peter.bisio@hoganlovells.com

Todd S Collins
BERGER & MONTAGUE, P.C.
tcollins@bm.net

T. David Copley
KELLER ROHRBACK, L.L.P.
dcopley@kellerrohrback.com

Edward O'Donnell DeLaney
DELANEY & DELANEY LLC
ed@delaneylaw.net

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Thomas M. Fisher
INDIANA OFFICE OF THE ATTORNEY GENERAL
tom.fisher@atg.in.gov

Craig A. Hoover
HOGAN LOVELLS US LLP
cahoover@hhlaw.com

Peter R. Kahana
BERGER & MONTAGUE, P.C.
pkahana@bm.net

Kevin M. Kimmerling
BAKER & DANIELS - Indianapolis
kevin.kimmerling@bakerd.com

Cari C. Laufenberg
KELLER ROHRBACK L.L.P.
claufenberg@kellerrohrback.com

Adam K. Levin
HOGAN LOVELLS US LLP
aklevin@hhlaw.com

Neil F Mara
BERGER & MONTAGUE, P.C.
nmara@bm.net

H. Laddie Montague Jr
BERGER & MONTAGUE P.C.
hlmontague@bm.net

Anne Kramer Ricchiuto
BAKER & DANIELS - Indianapolis
anne.ricchiuto@bakerd.com

Lynn L. Sarko
KELLER ROHRBACK, L.L.P.
lsarko@kellerrohrback.com

Christopher G. Scanlon
BAKER & DANIELS - Indianapolis
chris.scanlon@bakerd.com

Paul A. Wolfla
BAKER & DANIELS - Indianapolis
paul.wolfla@bakerd.com

Eric Hyman Zagrans
eric@zagrans.com